Opinion delivered April 4, 1888.

---

## No. 5902.

THE FRANCO-TEXAN LAND COMPANY *v.* A. R. BOUSSELET.

1. STOCKHOLDERS.—The charter of an incorporated land company provided that each share of stock issued should be received in payment of any land purchased of the company at prices fixed by the board of directors, so as to secure a pro rata of lands among the stockholders. The by laws provided that a stockholder should have the right to exchange his stock for lands at rates fixed by a board of directors according to schedule made by an executive committee, and at the prices fixed by such schedule. The stock issued, on its face stipulated that it was receivable for lands bought at prices fixed so as to secure a pro rata of the lands or of their value among the stockholders, *held,*

(1) The holder of a genuine certificate on presenting it at the office of the company and designating from its public schedules the land desired in exchange for his certificate was entitled to receive the lands at the schedule rates on surrender of his certificates and have title therefor. On refusal to make the title the stockholder has the right to enforce specific performance.

(2) Such a suit for specific performance is not a suit for partition, and it is not necessary to allege and prove that such published schedules were so adjusted as to leave with the company an equal pro rata for the other stockholders

(3) After offer to surrender stock, and designation and demand for title, the corporation can not affect the stockholder's right by altering the value of the land on the schedule.

APPEAL from Parker.    Tried below before the Hon. R. E. Beckham.

Suit by the appellee, Antoinette Raymond Bousselet, of Paris, Republic of France, against The Franco-Texan Land Company, alleging that it was a private corporation created by the laws of Texas, which has its principal office in the city of Weatherford, Parker county, Texas.

That the defendant was duly incorporated for the following purposes, viz: The acquisition by purchase or otherwise, and the subdivision of lands, the management and leasing thereof, and the sale and conveyance of the same, and the division of the net proceeds of said lands when sold among the owners of the capital stock of said company, and the distribution of said lands among said stockholders by conveyance of the same in exchange for such stock on such terms as shall be determined by said company, and the promotion of immigration with a view to the settlement, subdivision and sale of any and all lands that may be owned by said corporation; that it was provided in the charter of said company that the principal office for the transaction of the business of said corporation shall be at Weatherford, Parker county, Texas, and its business may also be transacted at the city of New York and in Paris, France, and at such other places as may be for the interest of said corporation as the board of directors may determine; that it was further provided that each share of stock issued by said company shall be received in payment for lands purchased of the company, at prices fixed so as to secure a pro rata division of the lands, or their value, among the stockholders. The power was given to said company to enact by laws, and it was provided by the by laws of said company that any stockholder shall have the right to exchange his stock for lands of the company at rates determined by the board of directors, according to a schedule made by the executive committee, and that the secretary shall keep always a schedule of these prices at the disposal of any stockholder who may desire them, and that any stockholder shall have the right to exchange his stock for lands of the company at the prices fixed by the schedule as above stated, and in payment of said prices the stock shall be received by the company at par, less such dividends as may have been paid on said stock. And plaintiff alleged that the defendant did acquire a large amount of lands in the State of

Texas, and among them were certain tracts of land situated in the counties of Jones and Fisher, which are set forth and particularly described, making the total of four thousand four hundred and ninety-one acres, and appraised and valued by the said schedule of prices fixed by said company at the sum of two dollars and ninety-six cents per acre, or thirteen thousand dollars; that the defendant was the legal owner of said tracts of land on the eleventh day of April, 1881, and, as such owner, all of said sections and tracts of land were, on the date aforesaid, liable and subject to be selected and chosen by any of the stockholders of said company at par value, by paying the schedule price of said lands as fixed by said defendant at the date aforesaid. Plaintiff alleged that on the eleventh day of April, 1881, she was the legal holder and owner of three hundred and ninety shares of the capital stock of defendant company; (giving the specific number of the certificates, each for ten shares.)

Recited on the face of each certificate, and made part thereof, was the following stipulation, viz: "This certificate is receivable at the office of the company in Texas at one hundred dollars, less such dividends, in payment for the company's lands at prices fixed so as to secure a pro rata division of the lands, or of their value among the stockholders."

Plaintiff alleges that on the —— day of —— the defendant did fix and adopt for the use of defendant and its stockholders a schedule of the prices or value of the said lands of the company in the said counties above mentioned, and the average value of said lands was fixed at —— dollars per acre.

That as a stockholder in said company, and the legal owner and holder of said three hundred and ninety shares of stock, the plaintiff, on the eleventh day of April, 1881, made a formal tender of said three hundred and ninety shares of stock to V. G. Frost, the then president of the company, and demanded in exchange therefor the above specified lands, in accordance with the schedule for such exchanges adopted the thirtieth of January, 1880, which schedule was the only one in existence at that time, and made a formal demand for a deed or deeds to the said several tracts of land; and the said V. G. Frost, president, acting for and in behalf of said defendant, agreed and consented to said tender and demand, and admitted that the exchange was properly applied for, but stated that he did not then have in the office the transfer books, with the stubs from which

the certificates had been cut, and that he could not then give the deeds, but that he would get the stubs from Paris, and that he would withhold from sale or exchange the said lands so designated and selected, and would then make and deliver the deeds.

At the request of Frost, the certificates were not deposited and left with him, because he had no iron safe and the building was insecure. That this formal tender of the certificate was duly made at the office of the company in Weatherford, and by virtue of the charter and by laws; and under the recitals and stipulations of said certificates the plaintiff was entitled to demand and receive from defendant a legal and proper conveyance of the above described tracts of land, but which was then and there refused by said defendant, and it has continued to refuse up to the present time. That plaintiff has just discovered the fact that defendant, in violation of plaintiff's right, had sold and conveyed out of section number seventeen, in said block sixteen, three hundred and twenty acres, and the whole of section nineteen in said block sixteen, six hundred and forty acres, in Jones county, to other parties, and was then unable to make title to the same to plaintiff. Plaintiff alleged that again, on the seventeenth of March 1885; as the owner and holder of the three hundred and ninety shares of stock, she presented and made a formal tender at the office of the company in Weatherford, to R. W. Duke, the president, and again demanded the exchange of certificates for the tracts of land above described; and, in the place of the two tracts which had been improperly sold, the plaintiff selected and designated for exchange other lands in Jones county containing seven hundred and eighty-five acres, and six hundred and forty acres in Fisher county, and demanded the exchange of said certificates for said lands, and the defendant again refused to accept the certificates and make and deliver the deeds. Plaintiff alleged that on the eleventh day of April, 1881, she was the owner of ten other shares of the capital stock of the said defendant company, and on the seventeenth day of March, 1885, she made a formal tender of the said ten shares to the said president of the company, at Weatherford, Texas, and demanded in exchange certain tracts of land then owned by defendant in Fisher county, valued at two hundred and twenty-three dollars, which was in accordance with the schedule price for such exchanges.

The plaintiff alleged that she was the legal owner of the aforesaid four hundred shares of said stock, and had fully and in every respect complied with the charter, by laws, regulations, mode of exchange, etc., adopted and required by said defendant. That plaintiff has on the dates aforesaid deposited and offered said stock in exchange for said lands, and often and again demanded and requested of the president a deed or deeds for all lands so selected and demanded as aforesaid, but the defendant has wholly failed and refused, and does still fail and refuse, to make and deliver the deeds. Plaintiff further alleged that there was due her on the said four hundred shares a dividend of one dollar on each share, and that there is due and owing to plaintiff four hundred dollars as dividends on said shares, and this amount, with previous dividends received, would make the value of her shares thirty-nine thousand three hundred and sixty dollars. Plaintiff prayed judgment against the defendant and for a decree that defendant shall take and accept the said certificates of stock, and shall make, execute and deliver to plaintiff a good and sufficient deed to the said tracts of land selected as aforesaid, and that the title to the said lands may be divested out of said company and vested in plaintiff, and judgment for the amount of said dividends, and for general relief, etc.

The defendant answered by a general demurrer and numerous special exceptions, and by a general denial; and further answering, defendant said that the plaintiff can not recover anything in this suit, for that under the charter and by laws of the company no exchange of shares of stock for lands can be made until the owner of stock, after causing all transfers to him to be entered on the books of the company, deposits his shares of stock at the office of the company in Weatherford, along with a written demand for exchange, describing such shares of stock and the lands sought; and defendant charges that said plaintiff has never complied, or performed either of said things, and can not recover.

The defendant further set up the fact that there were outstanding and unexchanged shares of stock to the amount of thirty-nine thousand three hundred and eighty-eight shares, and that the company then owned three hundred and ninety-nine thousand five hundred and ten acres of land, and that the lands selected for exchange by the plaintiff were all choice,

select surveys, worth more than the average lands of the company, and that it was unjust and unequitable, etc.    The defendant set up a new manner of exchange of stock alleged to have been adopted at a pretended shareholder's meeting on the thirtieth July, 1885.

It would appear that the company resisted plaintiff's suit mainly on the ground that plaintiff's demands were excessive and unequitable to remaining shareholders.

There was a trial and verdict and judgment for plaintiff for the tracts of land designated for exchange in plaintiff's application, and claim by her; and for four hundred dollars as dividends.

*Hood, Lanham & Stephens,* for appellant:    The certified proceedings of a shareholders meeting offered in evidence showed an equitable rate of exchange fixed by said Franco-Texan Land Company, by which appellee, as one of the share holders of said company, was bound. (Taylor on Private Corporations, note 1 under sec. 204, also secs. 261, 263; 90 New York, 618; 58 Georgia, 547; 93 Illinois, 153; Morawetz on Private Corporations, sec. 154; 1 Greenl. Ev., sec. 493; Field on Corporations, secs. 292, 392; Abbott's Trial Ev., p. 48, art. 57.)

On the binding effect of said proceedings see Taylor on Private Corporations, section 553; Morawetz on Private Corporations, sections 354, 362; Field on Corporations, section 232; Boone on Corporations, 61, 65.

*Harcourt & Ball,* for appellee.

WALKER, ASSOCIATE JUSTICE.    The charter of the Franco-Texan Land Company, incorporated under the laws of Texas, with the principal office at Weatherford, Texas.    Article 7 provides:

"That each share of stock issued by said company shall be received in payment for land purchased of the company at prices fixed by the board of directors, so as to procure a pro rata division of the lands, or their values, among the stockholders."

Of the by laws, article 54, reads:

"Any stockholder shall have the right to exchange his stock for lands of the company at rates determined by the board of directors, according to the schedule made by the executive

committee so as to secure a pro rata division of the lands, or their value, among the stockholders."

Article 56: "Any stockholder shall have the right to exchange his stock for lands of the company at the prices fixed by the schedule described in article 54," etc.

On the face of the certificate of stock is stipulated: "This certificate is receivable at the office of the company in Texas * * in payment for the company's lands at prices fixed so as to secure a pro rata division of the lands or of their value among the stockholders."

Lands were acquired by the company, and schedules of the lands and of rates were made and kept in the office.

A holder of genuine certificates of stock on presenting such certificates at the office of the company and designating from the public schedules of the company the lands desired in exchange for such certificates at the rates specified is entitled to receive such lands and to have title thereto made to him.

On refusal by the officers to convey such lands and to receive a surrender of the stock the holder has a right of action for specific performance. (Leach v. Fobes, 11 Gray, 510.) Such suit is not a suit for partition, and it is not necessary to allege or to prove that such published schedules were so adjusted as to leave with the company an equal pro rata of lands for the remaining stockholders. As between such stockholders and the company, the schedules made by the directory are binding.

The rights of such stockholders are fixed by his designation and offer of his stock for surrender. The corporation, after such demand, etc., could not affect the rights of such stockholder by altering the values of lands upon the schedules. From which it follows that the demurrer to the petition was properly overruled; the motion in arrest of judgment and the charge asked by the defendants were properly refused; and the alteration in schedules subsequent to the suit were irrelevant. The petition set out the lands demanded, the evidence showed a demand for them. The verdict, considered with reference to the issues submitted, was sufficiently certain.

Touching the recovery of the four hundred dollars declared dividend no assignment of error covers it. The alleged newly discovered testimony is such on its face that it is evident that reasonable diligence on part of the defendant would have led to its discovery.

There is nothing in the record to show that the corporation was insolvent and no creditor nor shareholder is complaining. There is no error in the record requiring reversal, and the judgment below is affirmed.

*Affirmed.*